12749.000

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

(1) ARTHUR HARRIS, )
)
*Plaintiff*, )
)
v. )
) CASE NO. CIV-22-115-PRW
(1) AMERICAN AUTO SHIELD, LLC, a )
foreign limited liability company; and )
(2) CARSHIELD, LLC a foreign limited )
liability company )
)
*Defendants*. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, American Auto Shield, LLC ("AAS"), a Wyoming limited liability company, Defendant in the civil action styled *Harris v. American Auto Shield, LLC and Carshield, LLC,* Case No. CJ-2021-03014 in the District Court of Oklahoma County, Oklahoma (the "State Court Action"), files this Notice of Removal of the State Court Action to the United States District Court for the Western District of Oklahoma and shows the Court as follows:

1. On July 16, 2021, Plaintiff filed the Petition in the District Court of Oklahoma County, Oklahoma as Case No. CJ-2021-03014.

2. Defendant, NRRM, LLC, d/b/a, Carshield, LLC ("Carshield"),[1] was served via certified mail on or around July 23, 2021.

---

[1] Plaintiff improperly names Carshield as "Carshield, LLC" in his Petition. Carshield's legal name is NRRM, LLC, d/b/a Carshield, LLC.

3. Defendant, AAS, which was never properly served by Plaintiff, filed its voluntary entry of appearance in the State Court Action on February 8, 2022. *See* 12 O.S. § 2004(C)(5) (". . . the voluntary appearance of a defendant is equivalent to service."). Thus, removal is timely and proper pursuant to 28 U.S.C. § 1446(b). *See Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007) (where party was never properly served, "the thirty-day period for filing a notice of removal set forth in 28 U.S.C. § 1446(b) never started to run" (internal quotations and citations omitted)); *see also Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 (D.D.C. 2011) ("Federal courts have held that formal service is not required before removing a case." (citing line of authorities in support)).

4. In accordance with 28 U.S.C. § 1446(b)(2)(C): "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Notwithstanding the fact that AAS was never "served" by Plaintiff, this provision applies to the instant action:

> Although the "later-*served* defendants" language of 28 U.S.C. § 1446(b)(2)(C) might suggest that an earlier-served defendant may join an otherwise untimely notice of removal only when the plaintiff has actually effectuated formal service upon the removing defendant, courts have held that this "last-served defendant" rule applies equally when the removing defendant was *never* properly served. *See Moore v. Svehlak*, Civil Action No. ELH–12–2727, 2013 WL 3683838, at * 15–16 (D.Md. July 11, 2013); *Wagner* [*v. Campbell*, No. 4:13CV 3006, 2013 WL 2250277, at * 1-3 (D.Neb. May 22, 2013)].

*Perez v. Bank of Am., N.A.*, No. EP-13-CV-285-KC, 2013 WL 5970405, at *3 (W.D. Tex. Nov. 7, 2013) (unpublished); *see also Wagner v. Campbell*, No. 4:13CV3006, 2013 WL 2250277, at *3 (D. Neb. May 22, 2013) (unpublished) (although clock for removal had

2

already run on previously-served defendants, un-served defendants "were entitled to remove the case at any point prior to receiving proper service or within 30 days of actually being served" with consent of previously-served defendants); *Nunez v. U.S. Xpress Leasing, Inc.*, No. 17-CV-1322, 2018 WL 4762353, at *2 (W.D. La. Feb. 22, 2018), *report and recommendation adopted*, No. CV 2:17-1322, 2018 WL 2770458 (W.D. La. June 8, 2018) (unpublished) ("Because it was never served, Mountain Lake was able to remove under 28 U.S.C. § 1446(b) and the other defendants were eligible to join in the removal."). Moreover, because 12 O.S. 2004(C)(5) provides that "the voluntary appearance of a defendant is *equivalent to service*," (emphasis added), AAS's voluntary entry of appearance in the State Court Action satisfied any service requirement under 28 U.S.C. § 1446(b)(2)(C).

5. Pursuant to the applicable terms of 28 U.S.C. § 1446(b)(2)(C), AAS respectfully informs the Court that Carshield consents to the removal, even though it did not previously initiate removal. A copy of Carshield's Consent to Removal is attached as **Exhibit 1** hereto.

6. In accordance with 28 U.S.C. § 1446(a), Defendant, AAS, is attaching copies of all process, pleadings, and orders filed in the State Court Action, along with a copy of the docket sheet of the State Court Action, as **Exhibits 2 - 13** hereto. AAS is providing these papers for the convenience of the Court, notwithstanding that it was never served with any papers filed in the State Court Action.

7. AAS has attached a copy of the Notice of Filing this Notice of Removal as **Exhibit 14**. Promptly after filing this Notice with the Clerk of this Court, AAS will file a

copy of the attached Exhibit C in the State Court Action, and serve that notice on Plaintiff's counsel of record as required under 28 U.S.C. § 1446(d).

8. This case properly may be removed to this United States District Court pursuant to 28 U.S.C. §§ 1332 and 1441(a). The District Court of Oklahoma County, Oklahoma is located within the jurisdiction of the United States District Court for the Western District of Oklahoma.

9. As set forth below, removal is proper under 28 U.S.C. §§ 1332(a)(1) and 1441(a) because (1) there is complete diversity of citizenship and (2) the amount in controversy exceeds $75,000.

10. Plaintiff is a citizen of Oklahoma residing in Oklahoma County, Oklahoma. (Amended Petition ("Am. Pet.") ¶ 1).

11. CarShield is a Missouri limited liability company with a principal place of business at 503 Pearl Drive, St. Peters, MO 63376. AAS is a Wyoming limited liability company with a principal place of business at 1597 Cole Blvd., Suite 200, Lakewood, CO 80401. (*See* Am. Pet. ¶¶ 2-3)

12. In the Amended Petition, Plaintiff asserts damages in an amount in excess of the amount required for federal diversity jurisdiction (Am. Pet., p. 21). Accordingly, the amount in controversy exceeds $75,000 exclusive of interest and costs.

13. This action is one over which this United States District Court has original jurisdiction due to the parties' complete diversity of citizenship and requisite amount in controversy, pursuant to 28 U.S.C. § 1332.

14. Pursuant to 28 U.S.C. § 1441(a), any action filed in a state court "of which the district courts of the United States have original jurisdiction" may be removed to the district court "for the district embracing the place where such action is pending." As noted above, the District Court of Oklahoma County, Oklahoma is located within this District. Therefore, venue is proper in this District.

15. By filing this Notice of Removal, AAS does not waive any defense, claim or right that may be available to it.

WHEREFORE, Defendant, AAS removes and Carshield consents to the removal of the State Court Action to the United States District Court for the Western District of Oklahoma.

DATED this 8th day of February, 2022.

Respectfully Submitted,

/s/ Christopher A. Barrow
Christopher A. Barrow, OBA No. 20027
Emily B. Kosmider, OBA No. 32096
Dillon J. Hollingsworth, OBA No. 33915
BARROW & GRIMM, P.C.
110 W. 7th Street, Suite 900
Tulsa, Oklahoma 74119
Telephone: (918) 584-1600
Facsimile: (918) 585-2444
Email: cbarrow@barrowgrimm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

Kevin Bennett
Joseph T. Acquaviva, Jr.

I hereby certify that on February 8, 2022, I served the same document by __N/A__ on the following, who are not registered participants of the ECF system:

None.

                                                          */s/ Christopher A. Barrow*
                                                          Christopher A. Barrow