12749.000

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARTHUR HARRIS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CASE NO. CIV-22-115-PRW |
| v. | ) | |
| | ) | |
| AMERICAN AUTO SHIELD, LLC, a | ) | |
| foreign limited liability company; and | ) | |
| CARSHIELD, LLC, a foreign limited | ) | |
| liability company, | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT AMERICAN AUTO SHIELD, LLC'S
## ANSWER TO FIRST AMENDED PETITION

Defendant, American Auto Shield, LLC ("AAS"), a Wyoming Limited Liability Company, by and through its counsel of record, hereby answers the First Amended Petition ("Amended Petition"), filed Plaintiff, Arthur Harris ("Harris"), and states its affirmative defenses as follows:

## ANSWER

1.      AAS is without sufficient information to admit or deny the allegations set forth in paragraph 1 of the Amended Petition and, therefore, denies the same and demands strict proof thereof.

2.      AAS admits the allegations set forth in paragraph 2 of the Amended Petition.

3.      AAS admits the allegations set forth in paragraph 3 of the Amended Petition.

4.     As for the allegations in paragraph 4, and continuing throughout the Amended Petition, Harris fails to distinguish between Defendants, NRRM, LLC, d/b/a Carshield ("Carshield") and AAS. As for the allegations regarding AAS, AAS states that it is the Administrator for certain Vehicle Service Contracts. AAS denies the remaining allegations and demands strict proof thereof.

5.     AAS admits that it conducts business in the State of Oklahoma, including Oklahoma County.

6.     As for the allegations in paragraph 6, AAS denies that it advertises and sells vehicle service contracts in the state of Oklahoma. AAS denies the remainder of the allegations in paragraph 6 and demands strict proof thereof.

7.     Upon information and belief, AAS admits that Carshield advertises for the sale of vehicle service contracts in the state of Oklahoma on television and on the internet. AAS denies the remainder of the allegations in paragraph 7 and demands strict proof thereof.

8.     Upon information and belief, AAS admits that Carshield advertises for the sale of vehicle service contracts in the state of Oklahoma on television and on the internet. AAS denies the remainder of the allegations in paragraph 8 and demands strict proof thereof.

9.     Upon information and belief, AAS admits that Carshield advertises for the sale of vehicle service contracts in the state of Oklahoma. AAS is without sufficient information to admit or deny the remaining allegations in paragraph 9, and therefore denies the same.

10.    AAS is without sufficient information to admit or deny the allegations set forth in paragraph 10 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

11.    As for the allegations in paragraph 11, AAS denies that venue and jurisdiction are proper in Oklahoma County, Oklahoma with regards to the claims brought against it.

12.    In response to paragraph 12 of the Amended Petition, AAS states that the advertisements and materials of Carshield speak for themselves. To the extent Plaintiff attempts to add any language not found in the materials used by Carshield, AAS denies the allegation and demands strict proof thereof.

13.    In response to paragraph 13 of the Amended Petition, AAS states that the advertisements and materials of Carshield speak for themselves. To the extent Plaintiff attempts to add any language not found in the materials used by Carshield, AAS denies the allegation and demands strict proof thereof.

14.    Paragraph 14 of the Amended Petition does not require a response. To the extent it does, AAS denies the allegations and demands strict proof of the same.

15.    AAS denies the allegations in paragraph 15 of the Amended Petition.

16.    AAS denies the allegations in paragraph 16 of the Amended Petition.

17.    In response to paragraph 17 of the Amended Petition, AAS states that the advertisements and materials on the Carshield website speak for themselves. To the extent Plaintiff attempts to add any language not found in the materials used by Carshield, AAS denies the allegation and demands strict proof thereof.

3

18.     In response to paragraph 18, including 18.1-18.6, of the Amended Petition, AAS states that the advertisements and materials on the Carshield website speak for themselves. To the extent Plaintiff attempts to add any language not found in the materials used by Carshield, AAS denies the allegation and demands strict proof thereof.

19.     Denied as to AAS. AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements. As for Carshield, AAS is without sufficient information to admit or deny the allegations set forth in paragraph 19 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

20.     Denied as to AAS. AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements. As for Carshield, AAS is without sufficient information to admit or deny the allegations set forth in paragraph 20 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

21.     Denied as to AAS. AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements. As for Carshield, AAS is without sufficient information to admit or deny the allegations set forth in paragraph 21 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

22.     Denied as to AAS. AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements. As for Carshield, AAS is without sufficient information to admit or deny the allegations set forth in paragraph 22 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

23.     Denied as to AAS. AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements.

4

24.     Denied as to AAS. AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements.

25.     Denied as to AAS. AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements. AAS further denies that any false representations are made in the referenced "television advertisements" regarding the relationship between AAS and Carshield.

26.     Denied as to AAS. AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements As for the remaining allegations, AAS is without sufficient information to admit or deny the allegations set forth in paragraph 26 of the Amended Petition and, therefore denies the same and demands strict proof thereof.

27.     Admitted.

28.     AAS is without sufficient information to admit or deny the allegations set forth in paragraph 28 of the Amended Petition and, therefore denies the same and demands strict proof thereof.

29.     Upon information and belief, AAS admits that Carshield sold Harris a vehicle service contract on or around May 4, 2020. AAS further states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 29 of the Amended Petition and demands strict proof thereof.

30.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 30 if the Amended Petition and demands strict proof thereof.

31.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 31 if the Amended Petition and demands strict proof thereof.

32.     AAS denies that it sent Harris a "Welcome to the Carshield Family" packet. Upon information and belief, AAS admits that Carshield sent Harris a welcome packet on or around May 4, 2020.

33.     AAS states that the terms of the materials sent to Harris by Carshield speak for themselves. To the extent Plaintiff attempts to add language not found in the materials or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 33 if the Amended Petition and demands strict proof thereof.

34.     AAS states that the terms of the materials sent to Harris by Carshield speak for themselves. To the extent Plaintiff attempts to add language not found in the materials or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 34 if the Amended Petition and demands strict proof thereof.

35.     AAS states that the terms of the materials sent to Harris by Carshield speak for themselves. To the extent Plaintiff attempts to add language not found in the materials or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 35 if the Amended Petition and demands strict proof thereof.

36.     AAS states that the terms of the vehicle service contract speak for themselves. On information and belief, AAS admits that Carshield sent Plaintiff a "Declarations Page", and that the contents of that page speak for themselves. AAS denies the remaining allegations in paragraph 36 of the Amended Petition and demands strict proof thereof.

37.     Admitted.

38.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 38 if the Amended Petition and demands strict proof thereof.

39.     AAS does not have sufficient information to admit or deny the allegations in paragraph 39 of the Amended Petition, and therefore denies the allegations and demands strict proof thereof. AAS further states that Plaintiff represented that his odometer on his registered vehicle was 100,054 miles. Whether that was accurate or not is not known to AAS; however, AAS enters into the vehicle service contract with the consumer in reliance on the truthfulness and accuracy of their statements made when purchasing the vehicle service contract.

7

40.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 40 if the Amended Petition and demands strict proof thereof.

41.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 41 if the Amended Petition and demands strict proof thereof.

42.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 42 if the Amended Petition and demands strict proof thereof. AAS further states that upon purchase of a vehicle service contract, the consumer gives the phone sales agent permission to sign the agreement on their behalf.

43.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 43 if the Amended Petition and demands strict proof thereof.

44.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 44 if the Amended Petition and demands strict proof thereof.

45.     Admitted.

46.     AAS states that the terms of the vehicle service contract speak for themselves. To the extent Plaintiff attempts to add language not found in the vehicle service contract or to otherwise misstate the language contained therein, AAS denies Plaintiff's allegations contained in paragraph 46 if the Amended Petition and demands strict proof thereof. In addition, AAS expressly denies that the vehicle service contract was an "insurance" agreement. AAS is without sufficient information to admit or deny what Plaintiff "believed" (which, in any event, is irrelevant), and therefore denies this allegation.

47.     AAS states that the terms of the vehicle service contract speak for themselves, including the title of the contract. AAS is without sufficient information to admit or deny the remainder of allegations set forth in paragraph 47 of the Amended Petition and, therefore, denies the same and demands strict proof thereof.

48.     AAS admits that Plaintiff attempted to make a claim. AAS is without sufficient information to admit or deny the allegation that Plaintiff's claim was timely and therefore denies the same and demands strict proof thereof.

49.     AAS denies the allegations in paragraph 49 of the Amended Petition and demands strict proof thereof.

50.     AAS is without sufficient information to admit or deny the allegations set forth in paragraph 50 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

51.     AAS is without sufficient information to admit or deny the allegations set forth in paragraph 51 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

52.     AAS is without sufficient information to admit or deny the allegations set forth in paragraph 52 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

53.     The applicable provisions of the month-to-month vehicle service contract speak for themselves, and no response is required. AAS expressly denies any mischaracterization or misrepresentation of terms contained therein. AAS also denies Harris's attempt at renaming the vehicle service contract. AAS further denies that there was coverage under the vehicle service contract for all of the components named in Plaintiff's Amended Petition. AAS is without sufficient information to admit or deny the remaining allegations set forth in paragraph 53 of the Amended Petition and, therefore, denies the same and demands strict proof thereof.

54.     AAS denies the allegations set forth in paragraph 54 of the Amended Petition and therefore demands strict proof thereof.

55.     AAS denies the allegations set forth in paragraph 55 of the Amended Petition and therefore demands strict proof thereof.

10

56.     AAS denies the allegations set forth in paragraph 56 of the Amended Petition and therefore demands strict proof thereof.

57.     AAS denies the allegations set forth in paragraph 57 of the Amended Petition and therefore demands strict proof thereof.

58.     AAS denies the allegations set forth in paragraph 58 of the Amended Petition and therefore demands strict proof thereof.

59.     AAS denies the allegations set forth in paragraph 59 of the Amended Petition and therefore demands strict proof thereof.

60.     AAS denies the allegations set forth in paragraph 60 of the Amended Petition and therefore demands strict proof thereof.

61.     AAS denies the allegations set forth in paragraph 61 of the Amended Petition and therefore demands strict proof thereof.

62.     AAS is without sufficient information to admit or deny the denies the allegations set forth in paragraph 62 of the Amended Petition and therefore denies the same and demands strict proof thereof.

63.     AAS denies the allegations set forth in paragraph 63 of the Amended Petition and therefore demands strict proof thereof.

64.     AAS denies the allegations set forth in paragraph 64 of the Amended Petition and therefore demands strict proof thereof.

65.     AAS does not publish, broadcast, approve of, or otherwise have any involvement in any commercials or advertisements. As for Carshield, AAS is without

sufficient information to admit or deny the allegations set forth in paragraph 65 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

66.     In response to paragraph 66 of the Amended Petition, AAS states that it has no way of knowing whether the screen-shot was taken from an actual advertisement published by Carshield, or any other source. Plaintiff merely pastes a screen-shot of unauthenticated, uncited sources of information in his Amended Petition, without making clear to whom the screenshots are attributable or whether Carshield actually published this information. To the extent this was, in fact, a Carshield advertisement, AAS states that the advertisements and materials of Carshield speak for themselves. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the materials used by Carshield, AAS denies the allegation and demands strict proof thereof.

67.     In response to paragraph 67 of the Amended Petition, AAS states that it has no way of knowing whether the screen-shot was taken from an actual advertisement published by Carshield, or any other source. Plaintiff merely pastes a screen-shot of unauthenticated, uncited sources of information in his Amended Petition, without making clear to whom the screenshots are attributable or whether Carshield actually published this information. To the extent this was, in fact, a Carshield advertisement, AAS states that the advertisements and materials of Carshield speak for themselves. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the materials used by Carshield, AAS denies the allegation and demands strict proof thereof.

68.     In response to paragraph 68 of the Amended Petition, AAS states that it has no way of knowing whether the screen-shot was taken from an actual advertisement published by Carshield, or any other source. Plaintiff merely pastes a screen-shot of unauthenticated, uncited sources of information in his Amended Petition, without making clear to whom the screenshots are attributable or whether Carshield actually published this information. To the extent this was, in fact, a Carshield advertisement, AAS states that the advertisements and materials of Carshield speak for themselves. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the materials used by Carshield, AAS denies the allegation and demands strict proof thereof.

69.     In response to paragraph 69 of the Amended Petition, AAS states that it has no way of knowing whether the quoted language was taken from an actual advertisement published Carshield, or any other source. Plaintiff merely provides quoted language from an unauthenticated, uncited source of information in his Amended Petition, without making clear where he located the language or whether Carshield actually published this information. To the extent this was, in fact, a Carshield advertisement, AAS states that the advertisements and materials of Carshield speak for themselves. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the materials used by Carshield, AAS denies the allegation and demands strict proof thereof.

70.     AAS denies the allegations set forth in paragraph 70 of the Amended Petition and therefore demands strict proof thereof.

71.     AAS denies the allegations set forth in paragraph 71 of the Amended Petition and therefore demands strict proof thereof.

72.     AAS is without sufficient information to admit or deny the allegations set forth in paragraph 72 of the Amended Petition, and therefore denies the same and demands strict proof thereof.

73.     AAS is without sufficient information to admit or deny assertions regarding Carshield's advertisement process, and therefore denies the same.

74.     AAS is without sufficient information to admit or deny assertions regarding Carshield's advertisement process, and therefore denies the same.

75.     AAS is without sufficient information to admit or deny assertions regarding Carshield's advertisement process, and therefore denies the same.

76.     AAS is without sufficient information to admit or deny assertions regarding Carshield's advertisement process, and therefore denies the same.

77.     In response to paragraph 77 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant

and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

78.     In response to paragraph 78 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

79.     In response to paragraph 79 (including 79.1-79.6) of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to

each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

80.     In response to paragraph 80 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

81.     In response to paragraph 81 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of

ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

82. In response to paragraph 82 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

83. In response to paragraph 83 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be

derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

84.     In response to paragraph 84 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

85.     In response to paragraph 85 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

86.     In response to paragraph 86 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not

found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

87.     In response to paragraph 87 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

88.     In response to paragraph 88 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield

of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

89.     In response to paragraph 89 of the Amended Petition, AAS states that any information or alerts provided by the BBB speak for themselves. AAS denies that any valid, accurate or legitimate inference as to the business practices of Carshield can be derived from any statement or action from the BBB. On information and belief, inaccuracies of the BBB materials on which Plaintiff relies are currently the subject of ongoing litigation between the BBB and Carshield. Plaintiff cannot and should not be able to rely on the accounts allegedly found through the BBB without having access to each individual complainant's case, and without inclusion of a full and fair defense by Carshield of each and every complaint. In short, any information found through the BBB is irrelevant and will be inadmissible at trial. To the extent Plaintiff attempts to add any language not found or otherwise omit any language or disclosures contained in the alleged alerts, AAS denies the allegation and demands strict proof thereof.

90.     Upon information and belief, the screen-shot provided in paragraph 90 of Plaintiff's Amended Petition, was not, in fact, published by Carshield and came from a separate, nonparty source. Accordingly, AAS denies Carshield published the advertisement cited in paragraph 90 of the Amended Petition and demands strict proof thereof.

91.     Upon information and belief, the screen-shot provided in paragraph 91 of Plaintiff's Amended Petition, was not, in fact, published by Carshield and came from a

separate, nonparty source. Accordingly, AAS denies Carshield published the advertisement cited in paragraph 91 of the Amended Petition and demands strict proof thereof.

92.     AAS denies the allegations in paragraph 92 of the Amended Petition and therefore demands strict proof of the same.

## CAUSES OF ACTION

### First Claim for Relief
### (Fraud)

93.     Paragraph 93 of the Amended Petition does not require a response.

94.     AAS denies the allegations of paragraph 94 and demands strict proof thereof.

95.     AAS denies the allegations of paragraph 95 and demands strict proof thereof.

96.     AAS denies the allegations of paragraph 96 and demands strict proof thereof.

97.     AAS denies the allegations of paragraph 97 and demands strict proof thereof.

98.     AAS denies the allegations of paragraph 98 and demands strict proof thereof.

99.     AAS denies the allegations of paragraph 99 and demands strict proof thereof.

100.    AAS denies the allegations of paragraph 100 and demands strict proof thereof.

101.    AAS denies the allegations of paragraph 101 and demands strict proof thereof.

### Second Claim for Relief
### (Fraudulent Inducement)

102.    Paragraph 102 of the Amended Petition does not require a response.

103.    AAS denies the allegations of paragraph 103 and demands strict proof thereof.

104.    AAS denies the allegations of paragraph 104 and demands strict proof thereof.

105.    AAS denies the allegations of paragraph 105 and demands strict proof thereof.

106.    AAS denies the allegations of paragraph 106 and demands strict proof thereof.

**<u>Third Claim for Relief</u>**
**(Violation of the Oklahoma Consumer Protection Act)**

107.    Paragraph 107 of the Amended Petition does not require a response.

108.    AAS denies the allegations of paragraph 108 and demands strict proof thereof.

109.    AAS denies the allegations of paragraph 109 and demands strict proof thereof.

110.    AAS denies the allegations of paragraph 110 and demands strict proof thereof.

111.    AAS denies the allegations of paragraph 111 and demands strict proof thereof.

112.    AAS denies the allegations of paragraph 112 and demands strict proof thereof.

113.    AAS denies the allegations of paragraph 113 and demands strict proof thereof.

114.   AAS denies the allegations of paragraph 114 and demands strict proof thereof.

115.   AAS denies the allegations of paragraph 115 and demands strict proof thereof.

116.   AAS denies the allegations of paragraph 116 and demands strict proof thereof.

117.   AAS denies the allegations of paragraph 117 and demands strict proof thereof.

118.   AAS denies the allegations of paragraph 118 and demands strict proof thereof.

119.   AAS denies the allegations of paragraph 119 and demands strict proof thereof.

120.   AAS denies the allegations of paragraph 120 and demands strict proof thereof.

121.   AAS denies the allegations of paragraph 121 and demands strict proof thereof.

122.   AAS denies the allegations of paragraph 122 and demands strict proof thereof.

123.   AAS denies the allegations of paragraph 123 and demands strict proof thereof.

124.   AAS denies the allegations of paragraph 124 and demands strict proof thereof.

**Fourth Claim for Relief**
**(Breach of Contract)**

125.    Paragraph 125 of the Amended Petition does not require a response.

126.    AAS denies the allegations of paragraph 126 and demands strict proof thereof.

**Fifth Claim for Relief**
**(Breach of the Implied Duty of Good Faith and Fair Dealing)**

127.    Paragraph 127 of the Amended Petition does not require a response.

128.    AAS denies the allegations of paragraph 128 and demands strict proof thereof.

129.    AAS denies the allegations of paragraph 129 and demands strict proof thereof.

130.    AAS denies the allegations of paragraph 130 and demands strict proof thereof.

131.    AAS denies the allegations of paragraph 131 and demands strict proof thereof.

132.    Paragraph 132 of Plaintiff's Amended Petition calls for a legal conclusion, and therefore, no response is required. To the extent any response could be required, AAS denies the allegations of paragraph 132 and demands strict proof thereof.

133.    Paragraph 133 of Plaintiff's Amended Petition calls for a legal conclusion, and therefore, no response is required. To the extent any response could be required, AAS denies the allegations of paragraph 133 and demands strict proof thereof.

134.    AAS denies the allegations of paragraph 134 and demands strict proof thereof.

135.    Paragraph 135 of Plaintiff's Amended Petition calls for a legal conclusion, and therefore, no response is required. To the extent any response could be required, AAS denies the allegations of paragraph 135 and demands strict proof thereof.

136.    AAS denies the allegations of paragraph 136 and demands strict proof thereof.

137.    AAS denies the allegations of paragraph 137 and demands strict proof thereof.

138.    AAS denies the allegations of paragraph 138 and demands strict proof thereof.

139.    AAS denies the allegations of paragraph 139 and demands strict proof thereof.

140.    AAS denies the allegations of paragraph 140 and demands strict proof thereof.

141.    AAS denies the allegations of paragraph 141 and demands strict proof thereof.

142.    AAS denies the allegations of paragraph 142 and demands strict proof thereof.

143.    AAS denies the allegations of paragraph 143 and demands strict proof thereof.

144.    AAS denies the allegations of paragraph 144 and demands strict proof thereof.

145.    AAS denies the allegations of paragraph 145 and demands strict proof thereof.

146.    AAS denies the allegations of paragraph 146 and demands strict proof thereof.


## Sixth Claim for Relief
### (Negligence)

147.    Paragraph 147 of the Petition does not require a response.

148.    AAS denies the allegations of paragraph 148 and demands strict proof thereof.

149.    AAS denies the allegations of paragraph 149 and demands strict proof thereof.

150.    AAS denies the allegations of paragraph 150 and demands strict proof thereof.

151.    AAS denies the allegations of paragraph 151 and demands strict proof thereof.

AAS denies Plaintiff is entitled to any of the relief prayed for in the Prayer for Relief set forth in the Petition.

## AFFIRMATIVE DEFENSES

By alleging the following affirmative defenses, AAS does not allege or admit that he has the burden of proof and/or the burden of persuasion with respect to any of these matters. As its affirmative defenses, AAS alleges and states as follows:

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     AAS denies each and every claim and allegation and theory of liability contained in Plaintiff's Amended Petition unless specifically admitted and demands strict proof thereof.

3.     Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of ratification, waiver, estoppel, acquiescence and/or consent, accord and satisfaction, and latches.

4.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.     AAS is not liable for the acts, conduct and/or omissions of third parties or non-parties over which it does not have control.

6.     Plaintiff failed to mitigate his damages, if any.

7.     Plaintiff failed to adhere to the maintenance schedule for his vehicle, and is therefore barred from relief under the governing contract.

8.     Plaintiff wholly fails to distinguish between Carshield and AAS in his Amended Petition. AAS does not produce, publish, broadcast, approve of, or have any involvement in the advertisements or marketing materials of Carshield, and therefore, all

of Plaintiff's claims that arise from the advertisements and/or marketing materials of Carshield against AAS fail, as a matter of law.

9.      Any damage to the vehicle was preexisting before the parties entered into their agreement, and therefore, is excluded from coverage.

10.      Plaintiff's claims against AAS are barred, in whole or in part, by the exclusions, limitations, and other applicable provisions of the vehicle service contract.

11.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy one or more conditions precedent under the vehicle service contract.

12.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff alleges that other parties made misrepresentations or omissions which Plaintiff seeks to impute to AAS, inasmuch as no agency relationship existed with respect to such alleged misrepresentations or omissions, or any such alleged misrepresentations or omissions would be outside any actual, implied, or apparent authority and thereby not imputed to or binding on AAS and made outside the scope of any agency relationship. Moreover, any opinions or forward-looking statements, or promises involving future events, if any, are not actionable as a matter of fact or law.

13.      The contract at issue in this lawsuit is governed by the Oklahoma Service Warranty Act, and therefore, any claims contrary to the confines of the Act fail, as a matter of law.

14.      The vehicle service contract is governed by the Oklahoma Service Warranty Act (15 O.S. § 141.1, *et seq*.), and is therefore not a contract for insurance.

15.     The vehicle service contract is governed by the Oklahoma Service Warranty Act (15 O.S. § 141.1, *et seq*.), and, therefore, there is no actionable claim under the Oklahoma Consumer Protection Act.

16.     The vehicle service contract is governed by the Oklahoma Service Warranty Act (15 O.S. § 141.1, *et seq*.), and, therefore, there is no actionable claim for the tort of the breach of the duty of good faith and fair dealing.

17.     Plaintiff's claims under the Oklahoma Consumer Protection Act are barred, in whole or in part, under Section 754 of the Act, which provides that "[n]othing in this act shall apply to . . . [a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body acting under statutory authority of this state or the United States . . ." 15 O.S. § 754(2).

18.     The assessment of punitive or exemplary damages violates the United States and Oklahoma Constitutions, Oklahoma statutes (including, but not limited to 23 O.S. § 9.1), due process rights under the Fifth and Fourteenth Amendments, and the prohibition against excessive fines, as well as the United States Supreme Court decision of *State Farm v. Campbell*, 123 S.Ct. 1513 (2003).

19.     Plaintiff had a duty to review the terms and disclaimers contained in his contract, and any reliance on advertising materials that are contrary to those terms fails, as a matter of law.

20.     The only advertisements and materials that are relevant to Plaintiff's claims in this lawsuit are those advertisements and materials that he actually viewed before

contracting with AAS. Any facts and/or allegations pled that concern advertisements or materials that were not viewed by Plaintiff fail, as a matter of law.

21.     Under applicable provisions of the vehicle service contract, the venue for any litigation involving the agreement "shall be in the courts of Jefferson County, Colorado." Accordingly, the venue is not properly had in Tulsa County, Oklahoma.

22.     AAS reserves the right to amend this Answer and to add additional defenses as determined during the course of discovery.

WHEREFORE, Defendant, American Auto Shield, LLC, having fully answered, respectfully prays that Plaintiff take nothing by way of his Amended Petition, that Plaintiff's claims against AAS be dismissed, that the Court award AAS its reasonable attorneys' fees and costs, and grant AAS such other and further relief as it deems just and equitable.

Respectfully submitted,

BARROW & GRIMM, P.C.

By      _/s/ Christopher A. Barrow_
Christopher A. Barrow, OBA No. 20027
Emily B. Kosmider, OBA No. 32096
Dillon J. Hollingsworth, OBA No. 33915
110 West 7th Street, Suite 900
Tulsa, OK  74119-1044
(918) 584-1600
(918) 585-2444 (Fax)
cbarrow@barrowgrimm.com
e.kosmider@barrowgrimm.com
dillonhollingsworth@barrowgrimm.com

*ATTORNEYS FOR DEFENDANTS, NRRM,*
*LLC d/b/a CARSHIELD, LLC AND*
*AMERICAN AUTO SHIELD, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2022, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

Kevin Bennett
Joseph T. Acquaviva, Jr.

I hereby certify that on February 14, 2022, I served the same document by  N/A  on the following, who are not registered participants of the ECF system:

None.

*/s/ Christopher A. Barrow*
Christopher A. Barrow