IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-115-PRW |
| | ) |
| AMERICAN AUTO SHIELD, LLC, | ) |
| and CARSHIELD, LLC, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* (Dkt. 15), seeking dismissal of this case for failure to abide by a mandatory forum-selection clause. For the reasons that follow, the Motion (Dkt. 15) is **GRANTED**, and this case is **DISMISSED**.

### *Background*

This case arises out of a dispute over a denial of coverage under a Vehicle Service Contract ("Contract"), a warranty plan typically purchased after a new-vehicle warranty expires to cover certain repairs to the covered vehicle. In May 2020, Plaintiff Arthur Harris purchased the Contract from Defendants American Auto Shield and CarShield to provide coverage for his 2006 Chrysler 300. CarShield functions as the primary marketer and seller of American Auto's vehicle service contracts, while American Auto is the administrator of the contracts. Shortly after entering into the agreement, Harris's Chrysler suffered a

1

mechanical issue, and Harris submitted a claim for coverage of the repairs to Defendants. Defendants denied Harris's claim.

In response, Harris filed this lawsuit. His operative Complaint brings claims for fraud, fraudulent inducement, breach of contract, violations of the Oklahoma Consumer Protection Act, breach of the implied duty of good faith and fair dealing, intentional infliction of emotional distress, and negligence. After removing the case to this Court, Defendants moved to dismiss this case under the doctrine of *forum non conveniens*, arguing that the claims in this case are subject to the Contract's mandatory forum-selection clause. That clause provides that "[i]n the event of litigation involving this Contract, venue shall be in the courts of Jefferson County, Colorado."[1] Defendants maintain that all of Harris's claims "involv[e]" the Contract—either Auto Shield's performance under the Contract when Harris submitted a claim or the Defendants' representations about the Contract when they marketed and sold the Contract to Harris—and thus fall within the scope of the clause. And since this case was not filed in the designated forum, Defendants argue that the case should be dismissed.

Harris does not dispute that the forum-selection clause, if applicable and enforceable, is a mandatory forum-selection clause, thereby designating Jefferson County as the only forum in which litigation may be brought.[2] Rather, he resists dismissal by

---

[1] Ex. 1 (Dkt. 15), at 17 (emphasis omitted).

[2] *See K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 498 (10th Cir. 2002) ("This court and others have frequently classified forum selection clauses as either mandatory or permissive. Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast,

asserting a grab-bag of theories as to why the forum-selection clause is either inapplicable to all (or some of) the claims in this case or unenforceable.

### *Legal Standard*

Federal law provides two means for enforcing a valid, mandatory forum-selection clause. Where the forum selection clause selects another federal district court as the appropriate venue, a party may seek to enforce the clause through a motion to transfer pursuant to 28 U.S.C. § 1404(a).[3] But where, as here, the forum selection clause selects a state court, "the appropriate way to enforce a forum-selection clause . . . is through the doctrine of *forum non conveniens*."[4] The only difference between these two means is the remedy (i.e., transfer vs. dismissal), as courts are to "evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."[5]

"In the typical case not involving a forum-selection clause," a district court considering a *forum non conveniens* motion "must evaluate both the convenience of the parties and various public-interest considerations." In practice, that means that "the district court would weigh the relevant factors and decide whether, on balance, a [dismissal] would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of

---

permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." (cleaned up)).

[3] *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).
[4] *Id.* at 60.
[5] *Id.* at 61.

justice.'"[6] An important aspect of that analysis is that the court must "give some weight" to the plaintiff's choice of forum.[7]

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"[8] In that instance, where the clause covers the claims at issue, the clause should "be 'given controlling weight in all but the most exceptional cases.'"[9] This means that "the plaintiff's choice of forum merits no weight," and "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing" that dismissal in favor of litigating the dispute in "the forum for which the parties bargained is unwarranted."[10] In attempting to carry its burden, the plaintiff may not rely on "arguments about the parties' private interests" because "whatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting."[11] Instead, the plaintiff may rely on "public-interest factors only."[12] And because those factors

---

[6] *Id.* at 63 (quoting 28 U.S.C. § 1404(a)).

[7] *Id*. at 62 n.6.

[8] *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

[9] *Atl. Marine Const. Co.*, 571 U.S. at 59–60 (quoting *Stewart Org.* 487 U.S. at 33 (Kennedy, J., concurring)).

[10] *Id.* at 63.

[11] *Id.* at 64 (cleaned up) (quoting *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 17–18, (1972)).

[12] *Id.*

"will rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases," which "will not be common."[13]

## Discussion

The Court first addresses whether the claims in this case are covered by an enforceable forum-selection clause and then turns to whether dismissal is appropriate.

I.   *The claims in this case are covered by the Contract's forum-selection clause, which designates Jefferson County as the appropriate forum.*

The Court must first determine whether the claims in this case are covered by the Contract's forum-selection clause. Determining the scope of a forum-selection clause is a matter of contract interpretation,[14] and "[t]he starting point, of course, is the language of the clause itself."[15] Here, Harris's claims fall squarely within the plain language of the Contract's forum-selection clause.

---

[13] *Id.*

[14] *Kelvion, Inc. v. PetroChina Canada, Ltd.*, 918 F.3d 1088, 1092 (10th Cir. 2019) ("The scope of a forum-selection clause is evaluated according to ordinary principles of contract interpretation."). While the parties primarily rely on Oklahoma contract law sources, neither party explicitly engages in any choice of law analysis. "The Court will therefore 'assume that [the parties] do not rely on any distinctive features of [state law], and will base [its] decision on general contract law principles.'" *Lawson v. Glob. Payments Inc.*, 2019 WL 4412271, at *3 n.2 (D. Colo. Sept. 16, 2019) (quoting *Azima v. RAK Inv. Auth.*, 926 F.3d 870, 876 (D.C. Cir. 2019)). In any event, to the extent that a particular state's laws may control, the Court perceives "no material discrepancies" between Oklahoma, Colorado, and federal common law principles on the validity, enforceability, and interpretation of the forum-selection clause. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320–21 (10th Cir. 1997).

[15] 14D Charles A. Wright & Arthur R, Miller, *Federal Practice & Procedure* § 3803.1 (4th ed. 2022); *see also Haworth v. Jantzen*, 172 P.3d 193, 197 (Okla. 2006) ("If it is not ambiguous, we accept the contract language in its plain, ordinary, and popular sense."); Okla. Stat, tit. 15, § 154 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

Recall that the forum-selection clause applies to "litigation involving this Contract."[16] Harris does little to dispute that his claims against American Auto "involv[e]" the Contract and fall within the scope of the clause. Instead, he argues that even if the forum-selection clause applies to claims against American Auto, it does not apply to claims brought against CarShield for two reasons. First, Harris maintains that "CarShield is not a party" to the Contract and is therefore unable to avail itself of the protections of the forum-selection clause.[17] This is a head-scratching argument, in light of the fact that CarShield signed and executed the Contract.[18] Second, Harris argues that since at least some of the claims against CarShield relate to the marketing, advertising, and sale of the Contract, these claims do not fall within the scope of the forum-selection clause. He appears to argue that the clause only applies to disputes over American Auto's performance under the contract. But Harris's claims against CarShield related to the marketing, advertising, and sale of the Contract are undoubtedly claims "involving" the Contract because each will require a determination of what the contract actually provides and whether the marketing, advertising, and sale of the Contract were consistent with the Contract's provisions.

Harris also floats several theories as to why the forum-selection clause, even if covering the claims in this case, is unenforceable.

Harris first argues against the existence of the Contract to begin with, arguing that Defendants have failed to establish mutual assent to the Contract. Why? Because

---

[16] Ex. 1 (Dkt. 15), at 17 (emphasis omitted).

[17] Pl.'s Resp. (Dkt. 18), at 6.

[18] *See* Ex. 1 (Dkt. 15), at 4.

"CarShield did not require that Harris personally sign the contract application," instead permitting a CarShield Phone Authorized Agent to sign on his behalf.[19] That argument is borderline frivolous. First, the entire premise of Harris's breach of contract claim against Defendants is that there was a valid contract to breach in the first place.[20] Second, as Defendants point out, Harris does not dispute that the agent signed the Contract on Harris's behalf or argue that the agent lacked the authority to do so. And he points to no principle of law that would deem instructing an agent to sign a contract on one's behalf to be insufficient assent to form a contract. Third, even if there was some dispute about whether the contract was properly assented to by the agent's signature, Harris provides no explanation for why he repeatedly performed under the contract by paying the monthly charge, each time renewing the contract.[21]

Harris next argues that the forum-selection clause is unenforceable because Defendants fraudulently induced him to enter into the Contract. But for a forum-selection clause to be invalid because of fraudulent inducement, Harris must do more than make general allegations that the contract as a whole was fraudulently induced. Rather, he must

---

[19] Pl.'s Resp. (Dkt. 18), at 1 n.1.

[20] One passage in Harris's response appears to suggest that his two contradictory positions can somehow be squared by concluding that only the forum-selection clause lacks mutual assent, while (presumably) finding that the rest of the Contract had sufficient mutual assent. But that cannot possibly be the case because the entire Contract was signed in the same way: by the agent signing on Harris's behalf. If Harris's argument about mutual assent applies to the forum-selection clause, then it applies to the entire Contract.

[21] *See* Ex. 1 (Dkt. 15), at 4 ("This contract is optionally renewable on a monthly basis by US or YOU. Unless we have given you written notice of our intent not to renew, you may renew by paying the monthly charge[.]").

provide evidence that the forum-selection clause itself was obtained by fraud.[22] And at no point does Harris plead, let alone provide evidence, that the forum-selection clause itself was obtained by fraud.

*II.    Dismissal under the* forum non conveniens *doctrine is appropriate in this case.*

Having found that the claims in this case are covered by a valid, enforceable forum-selection clause, the Court must determine whether the clause should be enforced via dismissal under the *forum non conveniens* doctrine. Recall that where an enforceable forum-selection clause covers the claims at issue, the clause should "be 'given controlling weight in all but the most exceptional cases,'"[23] and Harris, relying only the public-interest factors, bears the burden of establishing that dismissal is "unwarranted."[24].

Harris makes little attempt to demonstrate that the public-interest factors overcome the presumption of dismissal in this case. And the few attempts he makes are unpersuasive. In a single sentence, Harris asserts that enforcing the clause would be "unjust and

---

[22] *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) ("In *The Bremen* we noted that forum-selection clauses 'should be given full effect' when 'a freely negotiated private international agreement (is) unaffected by fraud.' This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." (cleaned up)); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 960 (10th Cir. 1992).

[23] *Atl. Marine Const. Co.*, 571 U.S. at 59–60 (quoting *Stewart Org.* 487 U.S. at 33 (Kennedy, J., concurring)).

[24] *Id.* at 63.

unreasonable."[25] But he provides no reasons as to why that would be the case, and a single, conclusory sentence is plainly insufficient to carry his heavy burden.[26]

Harris also argues that Defendants have waived their right to enforce the clause by removing this case to federal court, filing a motion for partial judgment on the pleadings,[27] and then seeking to dismiss on *forum non conveniens* grounds. But Harris has identified no requirement that a party seek to enforce a forum-selection clause in state court prior to removal. And unlike objections to venue or personal jurisdiction, "an objection on *forum non conveniens* grounds is not waived by a defendant failing to raise the issue in its first responsive pleading"[28] and can generally be raised at any time, even after extensive pleading and motion practice.[29]

---

[25] Pl.'s Resp. (Dkt. 18), at 1.

[26] He does not, for example, argue that the selected forum bears no reasonable relationship to the dispute. *See EGR Constr., Inc. v. 20-20 Techs. Com. Corp.*, 2022 WL 18585768, at *3 (W.D. Okla. Oct. 13, 2022) ("To be enforceable, the forum selected must have a reasonable relationship to the contract, the dispute, or the parties."). And, in any event, it would be difficult to see how that would be the case since American Auto has its principal place of business in Jefferson County, Colorado. *See* Notice of Removal (Dkt. 1), at 4; *see also EGR Constr.*, 2022 WL 18585768, at *4. Nor does Harris allege that Jefferson County is an inadequate forum.

[27] The motion to dismiss (Dkt. 15) was filed four minutes after the motion for partial judgment on the pleadings (Dkt. 14).

[28] *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173 (10th Cir. 2009).

[29] *See* 14D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3828 (4th ed. 2022) ("In modern litigation, there generally is no time limit on when a motion to dismiss for forum non conveniens must be made."). It's true that the Tenth Circuit has suggested that there may be some limitation on moving to dismiss on forum non conveniens grounds if a party fails to raise the issue "within a reasonable time." *Yavuz*, 576 F.3d at 1174. But Harris has failed to develop any serious argument as to why Defendants motion to dismiss, filed just three months after Auto Shield entered its appearance, was unreasonably delayed.

*Conclusion*

Because Harris has failed to carry his burden of establishing that the valid forum-selection clause should not be enforced, Defendants' Motion to Dismiss (Dkt. 15) is **GRANTED**, and this case is **DISMISSED**.

**IT IS SO ORDERED** this 29th day of March 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE